ADAM WAGNER, *as Assignee of Swift's Iron and Steel Works*, v. H. C. DARBY.

MECHANIC'S LIEN—*Who Entitled to.* When materials are supplied under an ordinary sale on credit to a contractor, and upon his credit only, no lien is acquired, although the contractor subsequently uses them, or a part thereof, in building a house or improvement for another party.

*Error from Cherokee District Court.*

THE opinion states the material facts.

*Ritter & Skidmore*, for plaintiff in error:

The defendants below contended that, as the contract between the plaintiff and defendant Darby was made in the state of Missouri, and the material was delivered there to defendant Darby, on board the cars, and afterward shipped by Darby to Columbus, the right to a lien did not and does not exist in this state. Comity between the states of the union would frown upon such a position, and indeed it would be doubtful whether a statute positively declaring such position would not be in conflict with a well-known provision of the constitution of the United States, to wit, section 2, article 4: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." A decision in 12 Wall. 418 declares a law of Maryland making a distinction between its citizens and non-residents to be unconstitutional.

A number of decisions of able courts hold that a non-resi-

dent contractor or sub-contractor is entitled to the benefits of a lien the same as a resident contractor or sub-contractor. See *Greenwood v. Tenn. Mfg. Co.*, 2 Swan (Tenn.), 130; *Atkins v. Little*, 17 Minn. 353; *Steadman v. Patchin*, 34 Barb. 318; 17 Ill. 189.

The same doctrine is emphatically, and without any reservation whatever, laid down in Phil. Mech. Liens, § 37; Whar. Conflict of Laws, §§ 321, 322, 324; Law of Building and Buildings, by A. Parlett Lloyd, 415; Overton, Liens, § 551.

And such seems to be the general doctrine of the law upon that point. It would be unreasonable for the material man, after delivering to the contractor material for a building, to follow the material and see that it was put in the building before his right to a lien existed.

Courts of a very high authority, under a similar statute, hold that its use is not necessary. See *Wallace v. Melchoir*, 2 Brown, 104; *Presbyterian Church v. Allison*, 10 Pa. 413; *Hinchman v. Graham*, 2 Serg. & R. 170; *Odd Fellows' Hall v. Masser*, 24 Pa. 507; *Singerly v. Doerr*, 62 id. 9; also, Phil. Mech. Liens, § 149.

This question has never, so far as we are aware of, been passed upon by this court. But see *Rice v. Hodge Bros.*, 26 Kas. 164.

What more is necessary to be shown we know not. Statutes governing mechanics' liens are remedial in their nature, and should be liberally construed. *Conroy v. Perry*, 26 Kas. 475; 4 Neb. 50; 22 id. 126.

*John Wiswell*, and *Joseph T. Ryerson & Son*, for defendant in error:

It seems to us that the allegations in the plaintiff's petition with reference to the completion of the stand-pipe and the time of filing of the statement of the plaintiff in the office of the district clerk are material allegations. If so, we think there has been no proof which tends to show when said stand-pipe was completed. We presume, had the plaintiff offered proof

on that point, and had the testimony developed the fact that said stand stand-pipe was completed on November 30, 1887, instead of December 30, 1887, as alleged, that plaintiff would not contend that he was entitled to maintain this lien. See Overton, Liens, (Banks Bros. ed.,) pp. 568, 576.

For a second reason why the lien in this case should not be sustained, the testimony clearly shows that the iron was sold on open account, on the personal responsibility of H. C. Darby, without reference as to where the same was to be used. See *Weaver v. Sells*, 10 Kas. 609; Overton, Liens, pp. 562, 588; *Cotes v. Shorey*, 8 Iowa, 416; Phil. Mech. Liens, pp. 212, 213; *Choteau v. Thompson*, 2 Ohio, 114; *Hill v. Bishop*, 25 Ill. 349; *Fuller v. Nickerson*, 69 Me. 236; *Mehan v. Thompson*, 17 id. 492; *Rogers v. Currien*, 13 Gray (Mass.), 129; *Esslinger v. Huebner*, 22 Wis. 632; *Delahay v. Goldie*, 17 Kas. 265; *Presbyterian Church v. Allison*, 10 Pa. 413.

Coming to the third reason why the plaintiff could not maintain his lien in this case, we contended in the court below that the mechanics' lien law of the state of Kansas — chapter 80, Comp. Laws of 1885 — was intended for the protection of those who perform labor or furnish material within this state. It has no extra-territorial effect. When the contract is made and performed out of the state of Kansas, and the vendor is a non-resident, and the material is delivered to the vendee outside of the state of Kansas, and when, after the contract between the vendor and the vendee has been so made, and the material so furnished, and afterwards the material so furnished is brought into the state by the vendee and placed into an improvement, the vendor cannot maintain a lien for such material. See Phil. Mech. Liens ( 2d ed.), p. 53; *Birmingham Iron Foundry v. Glen Cove Co.*, 78 N. Y. 30; *Stbt. Champion v. Jantzen*, 16 Ohio, 91; *Goodsell v. St. Louis Bridge*, 16 Ohio, 179; *Spencer v. Bartnett*, 35 N. Y. 94; *Whitford v. Panama Rld. Co.*, 23 id. 465; *Railroad Co. v. McCarty*, 18 Kas. 49; *Noble v. St. Anthony*, 12 Mo. 261; *Twitchell v. St. Anthony*, 12 id. 412; *James v. Steamboat Pawnee*, 17 id. 517.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Adam Wagner, assignee of Swift's Iron and Steel Works, against H. C. Darby and others, to enforce a lien upon certain lots in the city of Columbus, in this state. The plaintiff claimed to have sold H. C. Darby, under a contract, iron amounting to $2,023.21, on July 13, 1887, for the erection of a stand-pipe on the lots. The plaintiff resided at Newport, Ky., and owned and operated iron mills at .that place. H. C. Darby owned and operated shops at Kansas City, Mo., and kept his general offices there. He was engaged in the manufacturing of steam boilers, in the repairing and rebuilding of second-hand boilers, in the manufacturing of engines, in the erection of stand-pipes, and in the repairing of gas systems. About 50,000 pounds of the iron purchased on July 13, of the value of $1,325, was used by Darby in the erection of the stand-pipe. The balance of the iron was used by him for other purposes. A trial was had before the court without a jury. No special findings of fact were requested or filed. A personal judgment was rendered in favor of the plaintiff and against Darby for the value of the iron purchased, but a general finding was made against the plaintiff upon the mechanic's lien, and a judgment entered accordingly.

A lien is not acquired by a vendor for materials sold to a contractor, when they are supplied under an ordinary sale on credit, though the contractor may actually use them in building a house or making an improvement. (*Clark v. Hall*, 10 Kas. 81; *Weaver v. Sells*, 10 id. 609; *Chapin v. Persse Paper Works*, 30 Conn. 471; *Odd Fellows' Hall v. Masser*, 24 Pa. St. 507; 64 Am. Dec. 675.) The general finding and judgment that the plaintiff had no lien on the lots compels an affirmance, if there is any evidence in the record tending to show that the iron was furnished at Kansas City, Mo., upon the credit of the contractor and not upon that of the building. There is ample evidence sustaining such a view of the case,

and therefore the judgment of the district court must be affirmed.

All the Justices concurring.